PADILLA & ASSOCIATES
Stephen M. Padilla (SBN: 126917)
3020 Old Ranch Parkway,
Suite 300
Seal Beach, California 90740
Tel.: (562) 799-5567
E-Mail: smpadillas@earthlink.net

Attorneys for Plaintiff
Paul D. Stremcha

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PAUL D. STREMCHA,<br><br>Plaintiff,<br><br>vs.<br><br>ALLSCRIPTS, INC., et al.,<br><br>Defendants. | Case No.: 16-cv-02057-DOC-JCG<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date: Jan. 30, 2017<br>Time: 8:30am<br>Ctrm: 9D |

Pursuant to Civil Procedure 26(f) and this Court's Standing Order, a conference of the parties was held on January 24, 2017 between Stephen M. Padilla, Padilla & Associates, attorneys for Plaintiff Paul D. Stremcha ("plaintiff") and Margaret Keane, DLA Piper LLP, attorneys for defendants Allscripts, Inc., et al.

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local District Court Rule 16-9, the attorneys for each of the parties jointly submit the following Rule 26(f) Joint Report:

## I.

## SHORT FACTUAL SUMMARY OF THE CASE INCLUDING CLAIMS AND DEFENSES

1. Plaintiff's Allegations

The Complaint alleges that Plaintiff Paul D. Stremcha is an over 55 year old man who was employed by Allscripts as an Enterprise Sales Executive. He sold medical software to hospitals for defendants. Plaintiff was an exemplary, dedicated, and outstanding employee with strong evaluations and recommendations. In 2014 he was responsible for closing one of his Divisions largest deals with Alignment Healthcare which earned him more than $700,000.00. in commission fees. Plaintiff was paid one third of the commission and was told that he would receive payments of the balance over the next year if he remained employed. Plaintiff was also owed commissions on other accounts that he was working during his employment. Shortly after closing his Alignment deal Plaintiff's managers Steven Holmquist and Loraine Uebele began escalating their harassment and discrimination of plaintiff. The harassment and discrimination became so severe that plaintiff lost more than 20 lbs and his health began to severely suffer. Plaintiff was constantly berated, his area changed, given assignments that no other employee was given and constantly badgered and told that he should resign. Eventually plaintiff was constructively discharged. Plaintiff is alleging that he was constructively discharged so that defendants would avoid paying him his commissions and benefits among other things.

2. Defendant's Position

Plaintiff Paul Stremcha ("Plaintiff"), an Arizona resident, sold medical software for Defendant, a company based in Illinois, from his home office in Scottsdale, Arizona. His Complaint essentially alleges that two supervisors, one (Holmquist) also based in

Arizona and the other (Uebele) in Missouri, harassed and discriminated against him based on his age and committed a variety of other torts. Instead of pursuing his complaint in Arizona where he actually worked, Plaintiff has filed suit in this Court, alleging numerous violations of the California Fair Employment and Housing Act ("FEHA") and other claims that only exist under California law and that are not available to him under Sullivan v. Oracle. 51 Cal. 4th 1191 (2011). Plaintiff failed to exhaust administrative remedies as required by FEHA and, in fact, voluntarily resigned from Allscripts. Despite his claim of age discrimination, his position was not filled until five months after his resignation and his successor was over 40.

Defendant denies all of Plaintiff's factual and legal assertions and contends it has committed no violations of law. Defendant denies that it acted wrongfully toward Plaintiff, and denies that it discriminated against or harassed Plaintiff.

## II.

## PRINCIPAL ISSUES TO BE LITIGATED

1. Whether Plaintiff was an at-will employee?
2. Whether Plaintiff can maintain an action for breach of implied contract and breach of the covenant of good faith when he does not have a contract?
3. Whether California law applies to an Arizona citizen who worked out of his home in Scottsdale for an Illinois company and reported to managers in Illinois and Missouri,?
4. Whether the California Labor Code applies to an Arizona citizen who worked out of his home in Scottsdale for an Illinois company?
5. Whether Plaintiff can pursue a FEHA claim without having filed a FEHA Charge of Discrimination?
6. Whether this case should have been filed as a related action with a similar action filed by Plaintiff's Counsel on behalf of a co-worker who reported to the same supervisors in the same time period. Liu v. Allscripts, Inc. et al, 3:16-cv-03242-VC, (N.D.Cal.) and whether this action should be transferred to the Northern District of California..

7. Whether the alleged acts of emotional distress meet the legal requirements to sustain a cause of action under either Arizona or California law?

8. Whether Plaintiff has stated a claim of age discrimination where his replacement was over-40?

9. Whether Plaintiff has stated a claim for violation of public policy under Arizona or California law?

10. Whether Plaintiff has stated a claim for fraud under Arizona or California law?

11. Whether a voluntarily resignation precludes a claim for constructive discharge under Arizona or California law?

## III.

## ADDITIONAL PARTIES / AMENDED PLEADINGS

Neither Plaintiff nor Defendant anticipates adding any additional parties to the action.

## IV.

## CASE COMPLEXITY

The parties agree that this case is not sufficiently complex to justify utilization of any of the procedures of the Manual for Complex litigation.

## V.

## LAW AND MOTION MATTERS

There are no pending motions. The parties anticipate filing a motion to transfer this case to the Northern District of California, where a related case, also filed by Plaintiff's Counsel is pending. Liu v. Allscripts, Inc. et al, 3:16-cv-03242-VC, (N.D.Cal.). Plaintiff Liu resides within the Northern District of California and venue there is appropriate in her case.

Defendant also anticipates filing a motion for summary judgment at or before the close of discovery.

///

///

## VI.

## SETTLEMENT DISCUSSIONS

There have been no settlement discussions. Plaintiff is agreeable to (5) a.ii. appearance before a Mediator selected from the Court's Mediation Panel of this Court's Order Setting Scheduling Conference. Defendant will agree to mediate following the deposition of Plaintiff.

## VII.

## DISCOVERY PLAN

### A. RULE 26 (a) INITIAL DISCLOSURES

The parties agree to serve their respective Rule 26(a) Initial Disclosures by February 1, 2017.

### B. EXPERT DISCLOSURES

In the event that experts are retained the parties agree that initial expert witness disclosures under Rule 26(a) of the Federal Rules of Civil Procedure shall be made at least sixty (60) days before the discovery cut-off date, and if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified in the other party's expert disclosure, within fifteen (15) days after the disclosure made by the other party. The parties shall supplement these disclosures as required by Rule 26(a)(2).

### C. DISCOVERY SCOPE AND GUIDELINES

The parties will seek discovery regarding all issues and facts pled in the First Amended Complaint and Answer.

1. Written Discovery. The parties will conduct written discovery subject to the maximum limits per party as set forth in the federal rules.
2. Depositions. The parties will set depositions subject to the maximum limits per party as set forth in the federal rules.
3. Experts. The parties do not anticipate retaining the services of experts, but may do so depending on the evidence gathered in discovery.

4. Protective Order. Depending on the evidence gathered in discovery, the parties may enter into a Stipulated Protective Order to facilitate the discovery of confidential documents.

**D. OTHER DISCOVERY LIMITATIONS**

The parties agree that no changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure and/or the Court's Local Rules. Additionally, the parties agree that at this time there is no need for any orders under Rule 26 (c) apart from a Scheduling Order reflecting the dates proffered by counsel below.

**VIII.**

**TRIAL FORM AND LENGTH**

Plaintiff seeks to try this case to a jury. The parties estimate that the trial will take four to five days as set forth in the Court's Standing Order.

**IX.**

**OTHER ISSUES AFFECTING THE STATUS OR MANAGEMENT OF THE CASE**

There is a related case currently pending in the United States District Court Northern District of California San Francisco Division, Case No. 3:16-cv-03242, *Eileen Liu v. Allscripts, Inc. et. al.* The parties have discussed possible procedural options that will enable the consolidation of the two cases for discovery and pre-trial purposes. The parties are presently anticipating joining in a motion to transfer this case to the Northern District of California.

**X.**

**PROPOSED DATES**

1. Discovery cut-off : September 4, 2017;
2. Last day to hear law and motion (including motion for summary judgment): November 6, 2017;
3. Final Pretrial Conference date: December 4, 2017
4. Trial date: January 16, 2018.

PADILLA & ASSOCIATES

Date: January 24, 2017

/s/ Stephen M. Padilla
Stephen M. Padilla
Counsel for Plaintiffs

DLA PIPER LLP

Date: January 25, 2017

/s/ Margaret Keane
Margaret Keane
Counsel for Defendants